IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WILLIAM MONTGOMERY III | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1702-K |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner George William Montgomery III, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be unfiled.

I.

Petitioner pled guilty to robbery and was sentenced to seven years confinement. No appeal was taken. Instead, petitioner sought post-conviction relief in state and federal court. Both writs were denied on the merits. *Ex parte Montgomery*, No. 43,447-01 (Tex. Crim. App. Nov. 17, 1999); *Montgomery v. Johnson*, No. 3-00-CV-1186-P (N.D. Tex. Nov. 22, 2000). Five subsequent federal writs were dismissed as successive. *Montgomery v. Johnson*, No. 3-01-CV-0390-D (N.D. Tex. Apr. 24, 2001), *COA denied*, No. 01-10686 (5th Cir. Aug. 21, 2001); *Montgomery v. Johnson*, No. 3-01-CV-1759-G (N.D. Tex. Dec. 12, 2001); *Montgomery v. Cockrell*, No. 3-02-CV-2037-G (N.D. Tex. Apr. 11, 2003); *Montgomery v. Cockrell*, No. 3-02-CV-2490-P (N.D. Tex. Apr. 21, 2003), *COA denied*, No. 03-10603 (5th Cir. Aug. 13, 2003); *Montgomery v. Dretke*, No. 3-04-CV-0412-N (N.D. Tex. Apr. 23, 2004).

This litigiousness has prompted one judge in this district to bar petitioner "from filing any further federal habeas actions challenging his 1999 robbery conviction, except upon a showing that the Fifth Circuit Court of Appeals has granted leave to file a successive petition." *Montgomery*, No. 3-02-CV-2490-P. The Fifth Circuit also warned petitioner that he would face sanctions "if he continues to file successive federal habeas petitions without authorization from this court, or if he files motions for authorization that do not meet the required criteria of 28 U.S.C. § 2244(b)[.]" *Montgomery v. Cockrell*, No. 03-10603, op. at 2 (5th Cir. Aug. 13, 2003).

Undeterred, petitioner has filed another federal writ challenging his 1999 robbery conviction. There is no indication that the Fifth Circuit has granted leave to file this successive habeas petition. Therefore, the writ should be unfiled.

## RECOMMENDATION

The district clerk should be ordered to unfile petitioner's application for writ of habeas corpus.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2005.



JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE